UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

BYRON PHILIP,

|  |  |
|---|---|
| Plaintiff, | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |

THE CITY OF NEW YORK, P.O. ETHAN GOLDMAN, Shield No.
9512, Individually and in his Official Capacity, and Police Officers
"JOHN DOE" 1-3, Individually and in their Official Capacities, the
names "JOHN DOE" being fictitious as the true names are not
presently known,

Defendants.
-------------------------------------------------------------------------

Plaintiff, BYRON PHILIP, by and through his attorneys, **THE LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon

information and belief:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States of America.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b),

in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, BYRON PHILIP, is, and has been, at all relevant times, a resident of the

City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police

Department, a duly authorized police department authorized to perform all functions of a police

department as per the applicable sections of the New York State Criminal Procedure Law, acting

under the direction and supervision of the aforementioned municipal corporation, THE CITY OF

NEW YORK.

9.      At all times hereinafter mentioned the individually named defendant police officers

were duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their

employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants

while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13.     On or about February 10, 2014, at approximately 8:00 p.m., plaintiff BYRON PHILIP, was lawfully present inside of the New York City Police Department's 43rd Precinct at 900 Fteley Avenue in Bronx County in the State of New York.

14.     Plaintiff had been arrested after a non-violent dispute with a relative over plaintiff's grandmother's home.

15.     While in custody at the above location the defendant officers were escorting plaintiff to the bathroom when plaintiff took a wrong turn.

16.     Defendants, perceiving plaintiff's action as an attempt to escape, began to beat him about the head.

17.     Plaintiff was punched, kicked, and struck about the head and the face numerous times.

18.     As a result of defendants' actions, plaintiff suffered, *inter alia*, a displaced maxillary sinus fracture, a concussion, and lacerations to his lip and forehead.

19.     Plaintiff did not place any person or property in danger or offer defendants any legally recognized justification for the above described beating.

20.     Defendants did not reasonably believe plaintiff was attempting to escape when they caused the above described injuries.

21.     Despite plaintiff's clear need for medical treatment, the defendant officers did not take reasonable steps to procure such treatment until approximately 12:34 a.m. on February 11, 2014.

22.     Despite an ambulance's arrival to the 43rd precinct at approximately 12:43 a.m. on February 11, 2014, the defendant officers further delayed plaintiff's medical treatment for an additional ten minutes.

23.     Plaintiff was thereafter transported to Jacobi Medical Center in Bronx, New York, where he remained until his discharge on February 19, 2014.

24.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25.     All of the aforementioned acts deprived plaintiff, BYRON PHILIP, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

26.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

28.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF
### FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

29.     Plaintiff, BYRON PHILIP, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

30.     The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

31.    As a result of the foregoing, plaintiff, BYRON PHILIP, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
### FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS UNDER 42 U.S.C. § 1983

32.    Plaintiff, BYRON PHILIP, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

33.    Defendants failed to provide plaintiff with timely medical attention despite their knowledge that he was suffering from a serious medical condition.

34.    Defendants actions constituted an unnecessary and wanton infliction of pain repugnant to the conscience of mankind.

35.    As a result of the foregoing, plaintiff, BYRON PHILIP, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
### FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

36.    Plaintiff, BYRON PHILIP, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

37.    Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiff as described above.

38.    Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

39.     As a result of the foregoing, plaintiff, BYRON PHILIP, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

40.     Plaintiff, BYRON PHILIP, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41.     Defendants utilized excessive and unnecessary force against, BYRON PHILIP notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

42.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

44.     Those customs, policies, patterns, and practices include, but are not limited to:

    i.      failing to properly hire, screen and train its employees;

    ii.     failing to take proper steps to discipline or reprimand employees who engage in behavior similar to that described above; and

    iii.    encouraging and failing to take steps to correct a "code of silence" amongst NYPD officers when faced with the unconstitutional conduct of its officers.

45.     The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following

unconstitutional practices:

    i.      utilizing excessive force against detainees;

    ii.     failing to take steps to intervene when such force is used; and

    iii.    failing to provide proper medical treatment for individuals injured as a result of excessive force utilized by NYPD officers.

46.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, BYRON PHILIP.

47.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

48.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

49.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

50.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

51.    All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable and excessive force.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.    an order awarding compensatory damages in an amount to be determined at trial;

ii.    an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 12, 2015

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:    _____
MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

Docket No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

BYRON PHILIP,

                                        Plaintiff,

   -against-

THE CITY OF NEW YORK, P. O. ETHAN GOLDMAN, Shield No. 9512, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-3, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                                        Defendants.

## SUMMONS AND COMPLAINT

## LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff*
**Financial Square at 32 Old Slip - 8th FL**
**New York, New York 10005**
**(212) 962-1020**

TO:    Corporation Counsel
       CITY OF NEW YORK
       c/o New York City Law Dept
       100 Church Street
       New York, New York 10007

       P. O. Ethan Goldman, Shield No. 9512
       c/o New York City Police Dept-43rd Precinct
       900 Fteley Avenue
       Bronx, New York 10473

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

_____
Matthew Shroyer